IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| SHAWN SCHILLINGER ALLRED,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **ORDER**<br><br>Case No. 2:06 CV 288<br>*Related to:* 2:03 CR 1011 |

Before the Court is petitioner Shawn Allred's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255. The motion is DENIED because Mr. Allred's appeal is currently pending before the Tenth Circuit Court of Appeals, the seven-day period for correction of sentence has run, and his challenge of confinement is not cognizable under 28 U.S.C. § 2255.

The Tenth Circuit Court of Appeals has stated, "Absent extraordinary circumstances, the orderly administration of justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending." *U.S. v. Cook*, 997 F.2d 1312, 1319 (10th Cir. 1993). Mr. Allred's appeal is presently pending before the Tenth Circuit Court of Appeals and he has presented no extraordinary circumstances warranting review pursuant to § 2255 prior to resolution of that appeal.

If Mr. Allred's motion was construed as a motion to correct his sentence, it would be untimely. Federal Rule of Criminal Procedure 35(c) provides a seven-day period within which a petitioner may appeal imposition of a sentence on the basis that the sentence was incorrect. Mr. Allred filed the present motion after the seven-day period had expired, thus it is untimely.

Finally, the Tenth Circuit Court of Appeals has ruled that the execution of a sentence is not cognizable under § 2255. *U.S. v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986). To the extent

that Mr. Allred's motion represents a challenge to confinement, it is not cognizable under § 2255.

For these reasons, Mr. Allred's motion is DENIED.

IT IS SO ORDERED.

DATED this _____ day of June, 2006.

Dee Benson
United States District Judge